UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD JAMES BARBER, | : | |
| Plaintiff, | : | Civil No. 11-3670 (SRC) |
| v. | : | |
| JONATHAN DOAG, et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

This matter having come before the Court on Plaintiff's submission of a civil Complaint pursuant to 42 U.S.C. § 1983, and it appearing that:

1. Plaintiff, Ronald James Barber, is a civilly committed person, confined at the Special Treatment Unit, East Jersey State Prison in Rahway, New Jersey, at the time he submitted this Complaint for filing.

2. On or about June 27, 2011, Plaintiff filed this civil rights action under 42 U.S.C. § 1983.

3. Plaintiff failed to pay the $350.00 filing fee and did not submit a complete application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, as required by Local Civil Rule 54.3(a).

IT IS THEREFORE on this 6 day of _____, 2012,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar *if it was originally filed timely*, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence, **and** institutional account statement, signed and certified by an

authorized officer of the institution where he is confined, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
STANLEY R. CHESLER
United States District Judge